## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT SIZEMORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civ. No. 2:15-cv-849** |
| | ) |
| **KELLEY MCNEIL, MARK METZGER,** | ) |
| **SHANNON LEACH, and** | ) |
| **LABOR READY** *(Trublue Inc)* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

The Complaint in this action was filed by Robert Sizemore, proceeding pro se, on July 6, 2015. On November 6, 2015, summonses were issued as to all Defendants. On January 14, 2016, Mr. Sizemore filed a Proof of Service form indicating that he sent the summons for Labor Ready (TruBlue Inc) via certified mail on November 6, 2015. ECF No. 5. Mr. Sizemore purports to claim that he has effected service of the summons and Complaint on Labor Ready (Trublu Inc) on November 13, 2015. In support of his claim of service he has attached a printout from the United States Post Office indicating that a certified mail item was delivered to a PO Box located in Tacoma, Washington 98402, on November 13, 2015 at 7:32 am. Mr. Sizemore has not attached a return receipt or other document indicating that in fact an authorized representative from Labor Ready (Trublue Inc) was properly served.

Mr. Sizemore has also filed a Request for Entry of Default (apparently against all Defendants) (ECF No. 6), a Request for Entry of Default Judgment against "Trueblue" for $20,000 plus costs (ECF No. 7), and a Motion for Default Judgment (again apparently against all Defendants) (ECF No. 8).

1

Mr. Sizemore has failed to properly effect service upon Defendants in the time frame permitted by Rule of Civil Procedure 4(m). As to Defendants Kelley McNeil, Mark Metzger, and Shannon Leach, no service has been made and therefore we hereby notify Mr. Sizemore that he has until February 29, 2016 to show good cause for the failure to serve these Defendants, or to effect proper service upon these individuals, or we will dismiss this action without prejudice as to these Defendants.

As noted, Mr. Sizemore claims that he has served Defendant Labor Ready (Trueblue Inc). However, a printout from the Post Office indicating that a certified letter was mailed to a Post Office Box in Tacoma Washington, without more, is insufficient to show that this Defendant was properly served. Rule 4(h) indicates that service upon a corporation must be effected by personal service or in the manner prescribed by Rule 4(e)(1) for serving an individual, which permits a plaintiff to serve a summons following state law. To the extent that Mr. Sizemore relied on Pennsylvania Rules of Civil Procedure 403 and 404, which provide rules for Service by mail and service outside the Commonwealth of Pennsylvania, we note that Mr. Sizemore's Proof of Service failed to show that he mailed the summons and Complaint in a form "requiring a receipt signed by the defendant or his authorized agent." Pa.R.Civ.P. 403. As Mr. Sizemore's Proof of Service does not indicate that a receipt was signed by an authorized agent of Labor Ready (Trueblue Inc) we cannot say that service has been properly effected. We will permit Mr. Sizemore until February 29, 2016 to establish that he has properly served this Defendant, to show good cause for the failure to serve this Defendant, or to effect proper service upon this Defendant, or we will dismiss this action without prejudice as to Labor Ready (Trueblue Inc).

Based on the above discussion we hereby direct that the Clerk of Court not enter Default upon any Defendant. Furthermore we will not enter Default Judgment against Defendant Trueblue, and we will deny Mr. Sizemore's motion for Default Judgment without prejudice.

We note that failure to understand Rule 4(m) does not excuse plaintiff's failure to provide timely service. Tuke v. United States, 76 F.3d 155, 156 (7th Cir.1996). We caution Mr. Sizemore that he may not rely on his pro se status as an excuse for failure to follow applicable rules or Orders of this Court. See "Jones v. Omni Bank, 1998 WL 761869, *5 (E.D.Pa. 1998) (Filing a Complaint *pro se* does not exempt a plaintiff from pleading essential elements of his claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure." United States, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993). See also Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977) (right of self-representation is not a license excusing compliance with relevant rules of procedural and substantive law).

Accordingly, the following ORDER is hereby entered.

AND NOW, this 21st day of January, 2016, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff not having served the Defendants within the time limits of required by Fed.R.Civ.P. 4(m), Plaintiff is hereby ORDERED to serve the Defendants, or show good cause why service was not made, no later than February 29, 2016, or the Court may dismiss the action without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment is DENIED.

The Clerk of Court is hereby DIRECTED not enter Default upon any Defendant.

Maurice B. Cohill, Jr.

Maurice B. Cohill, Jr.
Senior United States District Court Judge

3