IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SIZEMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 2:15-cv-849 |
| | ) |
| KELLEY MCNEIL, MARK METZGER, | ) |
| SHANNON LEACH, and | ) |
| LABOR READY *(Trublue Inc)* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On January 21, 2016, we ordered Plaintiff, Robert Sizemore, to serve the Defendants, or show good cause why service was not made, no later than February 29, 2016, or the Court may dismiss the action without prejudice. On February 29, 2016, Mr. Sizemore filed a Response in which he stated that he was unable to locate some of the defendants and also that he could not meet the Court's deadline because he lacked funds. He requested additional time in which to locate and serve defendants. On March 3, 3016, we granted his request and ordered him to serve the Defendants no later than April 5, 2016, or the Court will dismiss the action without prejudice.

On April 5, 2016, Mr. Sizemore filed two documents in response to our Order. The first is a receipt from the United States Postal Service showing that on March 4, 2016, postage for a letter to be mailed to Tacoma, Washington 98402 was purchased for $0.71. The receipt also shows purchases for Certified Mail at $3.45, and a Return Receipt at $2.80. The receipt does not appear to be the complete receipt as the bottom portion is not included.

The second document is a printout from the "USPS Tracking Intranet" purporting to show that an item with a Tracking Number matching the Certified Mail tracking number on Mr. Sizemore's receipt was delivered on March 8, 2016. Below the delivery information are two boxes, one showing a handwritten signature appearing to be "K [illegible]", and the other showing a handwritten portion of an address appearing to be "1015-"[illegible]".

We cannot accept Mr. Sizemore's documents as sufficient proof of service. First, the printout is from a website that appears to be a United States Postal Service <u>internal</u> website not accessible to the public. Second, there is no indication that an authorized representative of the corporate Defendant, or one of the individual Defendants, actually was served. The illegible signature and partial address reveal nothing definitive with regard to proper service in this case. We also have no indication as to whom the letter was actually sent, although we can surmise it was an attempt to serve the corporate Defendant Labor Ready (Trublue, Inc) in Tacoma, Washington, but we cannot say for certain. Moreover, it appears that Mr. Sizemore has decided not to pursue this action against the individual Defendants since he has filed nothing to indicate that he has properly served any of them. Finally, we are at a loss to understand why, if Mr. Sizemore believed that he had properly effected service as of March 8, 2016, he waited until the final date set by Court Order in order to show that he had made service. Mr. Sizemore is certainly entitled to the full time given by the Court, but by doing so he did not heed our advice "to promptly take action so that he has sufficient time to properly serve the Defendants before the deadline of April 5, 2016." ECF No. 11 at 1.

Accordingly, we conclude that Mr. Sizemore has failed to properly effect service upon Defendants and will therefore dismiss this action without prejudice.

AND NOW, this 7th of April, 2016, Plaintiff having failed to serve Defendants within the time limits required by Fed.R.Civ.P. 4(m), and thereafter not having properly served Defendants by the Court's deadline of February 29, 2016, and thereafter failing to properly serve Defendants by the Court's extended deadline of April 5, 2016, it is hereby ORDERED, ADJUDGED AND DECREED that this action is hereby DISMISSED without prejudice.

The Clerk of Court is DIRECTED to mark this case CLOSED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: Robert Sizemore, pro se
2104 Ardmore Blvd. #3
Pittsburgh, PA 15221